**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARK ORTEGA, individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Case 5:24-cv-332-XR** |
| **KELLER WILLIAMS REALTY, INC., and KWWD, LLC** | § § § | |
| **Defendants.** | § § | |

**<u>KELLER WILLIAMS REALTY, INC.'S ANSWER</u>**

Defendant, KELLER WILLIAMS REALTY, INC. ("KWRI"), by and through its undersigned counsel, for its answer, states as follows:

**PARTIES**

1.      Plaintiff is an individual and resident of San Antonio, Texas.

**ANSWER:    KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

2.      Keller Williams is a company with is headquarters and principal place of business in Austin, Texas. Keller Williams conducts business throughout this District and throughout the US, including Texas.

**ANSWER:    KWRI admits that it is a corporation registered in Texas, with offices located in Austin, Texas. KWRI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

3.      KW Woodlands is a Texas limited liability company with its principal place of business in The Woodlands, Texas, KW Woodlands operates as a franchisee of Keller Williams.

**ANSWER:    KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

JURISDICTION AND VENUE

4.    <u>Jurisdiction.</u> This Court has federal question subject matter jurisdiction over this action under 28 U.S.C §133 1, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). The Court also has supplemental jurisdiction because the Texas Telephone Solicitation Act ("TTSA") claim relates to the same telemarketing campaign as the TCPA.

**ANSWER:    KWRI admits that the Supreme Court case of *Mims v. Arrow Financial Services, LLC* (2012) reversed and remanded the Eleventh Circuit's dismissal and conclusion that TCPA jurisdiction is vested exclusively in state courts thereby depriving federal courts of jurisdiction over TCPA claims under 28 U.S.C. § 1331. KWRI otherwise denies all remaining allegations contained within this paragraph.**

5.    <u>Personal Jurisdiction.</u> This Court has personal jurisdiction over the Defendants because the Defendants conduct business in this District and place calls to consumers into this District.

**ANSWER:    KWRI does not contest personal jurisdiction over KWRI in this case. KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph concerning co-defendant KWWD, LLC. KWRI denies conducting any business in this District related to plaintiff's allegations and/or this case. KWRI denies placing any calls related to plaintiff's allegations and/or this case. KWRI denies all remaining allegations contained within this paragraph.**

6.      Venue. Venue is proper in this District under 28 U.S.C § 139 1(b) because the Plaintiff resides in this District and the wrongful conduct giving rise to this case was directed into this District.

**ANSWER:    KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

## INTRODUCTION

7.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

**ANSWER:    KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

8.      Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**ANSWER:    KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

9.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R § 64.1200(c)(2).

**ANSWER:    KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more**

3

mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.

10.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**ANSWER:   KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

11.     The TCPA prohibits the initiation of the telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5).

**ANSWER:   KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

## FACTUAL ALLEGATIONS

12.     Plaintiff is an individual who was in Texas at the time of the messages.

**ANSWER:   KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

13.     Plaintiff is, and has been at all times material to this action, the regular and sole user of his cellular telephone number, which is (210) 744-XXXX.

**ANSWER:   KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

14.     At all times material to this action, Plaintiff uses the cell phone with area code (210) and digits beginning with digits 744 primarily for residential purposes.

**ANSWER:     KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

15.     Plaintiff registered his cellular telephone number with the National Do No Call Registry on or about January 23, 2012.

**ANSWER:     KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

16.     Plaintiff registered his number to avoid receiving unwanted telemarketing and solicitation calls.

**ANSWER:     KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

17.     Plaintiff never provided Defendants with his express consent to be contacted.

**ANSWER:     KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

18.     Plaintiff has no existing business relationship with Defendants.

**ANSWER:     KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

19.     Even though Plaintiff registered his cell phone number on the DNC, and despite the fact that Plaintiff did not consent to Defendants' solicitation calls, KW Woodlands, by and through its agent, Julia Puig Jordan ("Julia Jordan"), acting as an apparent agent of Defendant Keller Williams, sent Plaintiff at least two telemarketing messages.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

20.     On or around March 4, 2024, at 5:38 pm CT, Plaintiff received two distinct and separate telemarketing messages to his cell phone number from Julia Jordan, an agent of KW Woodlands operating under the Keller Williams brand, using telephone number 832-444-4923. The text message is shown below:



**ANSWER:     KWRI denies all allegations contained within this paragraph.**

21.     KW Woodlands' messages did not include any sort of opt-out instructions.

**ANSWER:     KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

22.     Plaintiff messaged Jordan and told her to "stop."

**ANSWER:     KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

23.     KW Woodlands' text messages were sent as part of a marketing campaign to promote an open house for a residential property.

**ANSWER:     KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

24.     KW Woodlands routinely holds open houses and uses similar marketing tactics to generate leads for real estate transactions from which it and Keller Williams financially benefit.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

25.     According to har.com, a real estate website, 832-444-4923 is associated with Julia Jordan, an agent of KW Woodlands operating under the Keller Williams brand.[1]

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

26.     KW Woodlands' use of the Keller Williams brand, logos, and marketing materials, as directed by Keller Williams, created a reasonable belief in Plaintiff that the telemarketing messages were sent by or on behalf of Keller Williams.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

27.     At all times material to this Complaint, Julia Jordan held herself out as an agent that sells real estate for Defendants' benefit.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

28.     Keller Williams's website has an option where a user of the website can "Find an Agent."

**ANSWER:     KWRI admits that plaintiff's complaint purports to cite to out-of-context, incomplete and mischaracterized summary of passive advertising material on a**

---

[1] *See* Julia Jordan, HAR.com, https://www.har.com/julia-puig-jordanlagentjpjordan (last visited June 14, 2024).

website. KWRI denies that any statements made in advertising material on the website serve as admissions. KWRI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.

29.     Julia Jordan's name appears on Keller Williams's website as a Keller Williams "luxury agent" who serves the state of Texas.

**ANSWER:   KWRI admits that plaintiff's complaint purports to cite to out-of-context, incomplete and mischaracterized summary of passive advertising material on a website. KWRI denies that any statements made in advertising material on the website serve as admissions. KWRI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

30.     Upon clicking Julia Jordan's name on Keller Williams's website, Julia Jordan's contact information appears. Below the contact information, it states: "Keller Williams Realty The Woodlands & Magnolia."

**ANSWER:   KWRI admits that plaintiff's complaint purports to cite to out-of-context, incomplete and mischaracterized summary of passive advertising material on a website. KWRI denies that any statements made in advertising material on the website serve as admissions. KWRI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

31.     Keller Williams's website also includes an icon directly under Julia Jordan's picture that a user can click stating, "Connect with Me."

**ANSWER:   KWRI admits that plaintiff's complaint purports to cite to out-of-context, incomplete and mischaracterized summary of passive advertising material on a website. KWRI denies that any statements made in advertising material on the website serve**

as admissions. KWRI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.

32.     Julia Jordan's Facebook and YouTube accounts prominently display: "Keller Williams Luxury."

**ANSWER:     KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

33.     On information and belief, both Defendants have financially benefitted from the telemarketing calls at issue in this Complaint. KW Woodlands obtained commissions from real estate transactions generated through its marketing activities, including those using telemarketing. Keller Williams benefitted financially from KW Woodlands' by receiving royalty fees, as outlined in the Keller Williams Policies & Guidelines Manual.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

34.     On March 5, 2024, Plaintiff's attorney sent a letter to KW Woodlands stating that Plaintiff is registered in the National Do Not Call Registry, did not consent to receiving communications from Defendants, and demanding damages. The email was answered by KW Woodlands' attorneys on March 20, 2024. Defendants denied the demand.

**ANSWER:     KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

35.     On information and belief, Defendants have engaged in a pattern and practice of sending telemarketing messages to consumers without proper consent, including to those whose numbers are listed on the National Do Not Call Registry. Plaintiff's experience, as detailed herein, is not an isolated incident, but rather illustrative of Defendants' systemic disregard for consumer privacy and the TCPA.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

36.    The unauthorized solicitations that Plaintiff received from or on behalf of Defendants have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

37.    As a result of Defendants' unlawful conduct, Plaintiff seeks both injunctive and monetary relief. Specifically, Plaintiff seeks to enjoin KW Woodlands from further violating the TCPA by directly contacting consumers without proper consent. Plaintiff also seeks to hold Keller Williams vicariously liable for the TCPA violations committed by KW Woodlands, its agent, due to Keller Williams' control over KW Woodlands' branding, marketing practices, and its financial interest in the outcomes of those practices. Plaintiff, on behalf of himself and the proposed Classes, further seeks an award of statutory damages and costs.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

**<u>Direct and Vicarious Liability</u>**

38.    On May 9, 2013, the FCC held within a Declaratory Ruling that sellers may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, ... suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

10

May 2013 FCC Ruling, 28 FCC Rcd. at 6588, ¶ 37 (internal citations omitted).

**ANSWER:   KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph and its sub-paragraph.**

39.     Additionally, the May 2013 FCC ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal actual agency and immediate direction and control over third parties who place a telemarketing call. Id. at 6587 n. 107.

**ANSWER:   KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

40.     The evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id*. at 6593.

**ANSWER:   KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

41.     Keller Williams and its franchisees, including KW Woodlands, utilize telemarketing as part of their business operations to promote their services and solicit new clients.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

42.     KW Woodlands, operating under the Keller Williams brand, represents itself to the public as a Keller Williams entity, using Keller Williams' logos, marketing materials, and systems to sell real estate for the benefit of itself and Keller Williams.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

43.     Keller William's website (https://www.kw.com) features a "Find a local KW office" option, allowing users to locate nearby Keller Williams offices, including franchisee locations such as KW Woodlands.

**ANSWER:     KWRI admits that plaintiff's complaint purports to cite to out-of-context, incomplete and mischaracterized summary of passive advertising material on a website. KWRI denies that any statements made in advertising material on the website serve as admissions. KWRI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

44.     Users searching for "The Woodlands & Magnolia" on the Keller Williams website are directed to KW Woodlands' specific webpage, which prominently displays the Keller Williams logo and branding.[2]

**ANSWER:     KWRI admits that plaintiff's complaint purports to cite to out-of-context, incomplete and mischaracterized summary of passive advertising material on a website. KWRI denies that any statements made in advertising material on the website serve as admissions. KWRI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

---

[2] *See* KW Woodlands, Keller Williams, https:Illoeations.kw.com/?s=the+woodlands+%26+magnolia (last visited June 14, 2024)

45.     KW Woodlands' social media presence, including its Facebook, Instagram, and YouTube accounts, prominently feature the Keller Williams logo and branding, reinforcing its public image as a Keller Williams entity.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

46.     Keller Williams exercises strict control over its franchisees' branding and marketing practices, including KW Woodlands'. As detailed in the Keller Williams Policies & Guidelines Manual, Keller Williams mandates the use of its name, logos, and approved marketing materials by its franchisees, ensuring brand uniformity across all operations. This control extends to advertising, signage, and even business cards, reinforcing a consistent and cohesive brand image that ties franchisees directly to Keller Williams.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

47.     Keller Williams financially benefits from the sales activities of its franchisees, including KW Woodlands. The Keller Williams Policies & Guidelines Manual details a royalty fee structure that requires franchisees to pay a percentage of their Gross Commission Income to Keller Williams. This royalty fee structure demonstrates that Keller Williams has a direct financial stake in the success of its franchisees' real estate operations, including any telemarketing activities that lead to closed transactions.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

48.     Julia Jordan acted with the apparent authority of Keller Williams. This apparent authority stemmed from KW Woodlands' use of Keller Williams' branding and marketing materials, as authorized and controlled by Keller Williams. A reasonable consumer, like Plaintiff, would have believed that Julia Jordan was acting on behalf of Keller Williams when she sent the telemarketing messages at issue.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

49.     KW Woodlands is directly liable for the TCPA violations at issue because it initiated the unsolicited telemarketing messages to Plaintiff. Keller Williams is vicariously liable for those violations due to its control over KW Woodlands, its knowledge and approval of the messages, and the apparent authority created by KW Woodlands' use of the Keller Williams brand.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

### CLASS ACTION ALLEGATIONS

50.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure § 23(b)(2) and 23(b)(3).

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

51.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) who received more than one telemarketing call from or on behalf of Defendants, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint through the date of trial.

> **Texas Telephone Solicitation Act Do Not Call Registry Class:** All persons in the United States (1) who received a telephonic sales call regarding Defendants' goods and/or services (2) to a number listed on the Texas No-Call list (3) at any time in the period that begins two years before the date of filing this Complaint through the date of trial.

**ANSWER:     KWRI denies all allegations contained within this paragraph and its sub-paragraphs.**

52.     Excluded from the Class are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

53.     Plaintiff and all members of the Class have been harmed by the acts of the Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

54.     This Class Action Complaint seeks injunctive relief and money damages.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

55.     The Class as defined above are identifiable through the Defendants' dialer records, other phone records, and phone number databases.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

56.     Plaintiff does not know the exact number of members in the Class but Plaintiff reasonably believes Class members for each Class number, at minimum, in the hundreds based on the type of calls made.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

57.     The joinder of all Class members is impracticable due to the size of the Class and relatively modest value of each individual claim.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

58.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

59.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

     (a)     Whether Defendants made calls to Plaintiff and members of the Class that were registered on the National Do Not Call Registry;

     (b)     Whether Defendants' conduct constitutes a violation of the TCPA;

     (c)     Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

     (d)     Whether Defendant Keller Williams is vicariously liable for calls placed by KW Woodlands.

**ANSWER:**    **KWRI denies all allegations contained within this paragraph and its sub-paragraphs.**

60.    Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

**ANSWER:**    **KWRI denies all allegations contained within this paragraph.**

61.    Plaintiff has retained competent counsel. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class.

**ANSWER:**    **KWRI denies all allegations contained within this paragraph.**

62.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

**ANSWER:**    **KWRI denies all allegations contained within this paragraph.**

63.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute and individual case.

**ANSWER:**    **KWRI denies all allegations contained within this paragraph.**

**FIRST CAUSE OF ACTION**
**Violation of the 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Registry Class)**

64.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 63 of this Complaint and incorporates them by reference herein.

**ANSWER:   KWRI repeats and incorporates its responses, and denials, respectively, to the allegations set from in paragraphs 1 through 63 and incorporates them by reference herein.**

65.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute violations of the TCPA, 47 U.S.C. § 227, by making calls to Plaintiff and members of the Class who are registered in the National Do Not Call Registry.

**ANSWER:   KWRI denies all allegations contained within this paragraph.**

66.     The statute provides a private right of action to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5).

**ANSWER:   KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

67.     Additionally, the Fifth Circuit held that a single text message can constitute a concrete injury sufficient to confer Article III standing. *See Cranor v. 5 Star Nutrition*, L.L.C., 998 F.3d 686, 690 (5th Cir. 2021) (concluding that a single text message is a nuisance and an invasion of privacy and that this type of nuisance is the kind of injury that the TCPA was specifically enacted to curb).

**ANSWER:   KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

68.     As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers on the National Do Not Call Registry.

**ANSWER:   KWRI denies all allegations contained within this paragraph.**

69.     If Defendants' conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

**ANSWER:   KWRI denies all allegations contained within this paragraph.**

70.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls to any cellular telephone numbers registered in the National Do Not Call Registry.

**ANSWER:   KWRI denies all allegations contained within this paragraph.**

<u>SECOND CAUSE OF ACTION</u>
**Violation of Tex. Bus. & Corn. Code Ann. § 305**
**(On Behalf Of Plaintiff And The Texas Telephone Solicitation**
**Act National Do Not Call Registry Class)**

71.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 63 of this Complaint and incorporates them by reference herein.

**ANSWER: KWRI repeats and incorporates its responses, and denials, respectively, to the allegations set from in paragraphs 1 through 63 and incorporates them by reference herein.**

72.     The TTSA states that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication". See Tex. Bus. & Com. Code Ann. § 305.053.

**ANSWER: KWRI admits that the complaint purports to cite to an incomplete portion of the TTSA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

73.     In violation of the TTSA, Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf's made and/or knowingly allowed telephonic communications to Plaintiff and the Class members without Plaintiff's and the Class members' prior express consent even though the Class members were on the National Do Not Call Registry.

**ANSWER: KWRI denies all allegations contained within this paragraph.**

74.     As a result of Defendants' conduct as alleged herein, and pursuant to § 305.053(b) of the TTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *See id*.

**ANSWER: KWRI denies all allegations contained within this paragraph.**

75.     To the extent Defendants' misconduct is determined to be willful and knowing the Court should, pursuant to section 305.053(c) treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

## KELLER WILLIAMS REALTY, INC.'S DEFENSES

Defendant, KELLER WILLIAMS REALTY, INC. ("KWRI"), through its undersigned counsel, for its defenses, states as follows:

### First Defense

Plaintiff's claims and/or the claims of any putative class members are barred in whole or in part because the called parties consented to the calls at issue. Plaintiff's claims and/or the claims of any putative class members also are barred in whole or in part because defendant or its alleged agents had a good-faith basis to believe the called parties consented to the calls at issue.

### Second Defense

Plaintiff's claims and/or the claims of any putative class members are barred in whole or in part by the doctrines of estoppel, waiver, laches and unclean hands because the called parties accepted the alleged calls from defendant or its alleged agents without objection and/or acted in bad faith in relation to the instant claims.

### Third Defense

Any damages or losses sustained by plaintiff and/or any putative class members must be reduced, diminished, and/or barred in proportion to the wrongful conduct of persons or entities other than defendant under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

### Fourth Defense

Plaintiff's claims and/or the claims of any putative class members are barred in whole or part due to lack of standing to bring the instant claims because the party has no injury-in-fact, and thus, has no standing under Article III of the United States Constitution.

### Fifth Defense

To the extent plaintiff bring claims that fall outside of the applicable statute of limitations for such claims, they are time-barred.

### Sixth Defense

Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA and/or TTSA. Any purported violations of these laws, which defendant denies occurred, were unintentional and occurred despite of procedures reasonably adapted and maintained to avoid such violations.

### Seventh Defense

The *American Rule* bars plaintiff from recovering attorneys' fees. The TCPA and/or TTSA does not provide for a statutory award of attorneys' fees.

### Eighth Defense

Plaintiff and/or any putative class members may have had an established business relationship with defendant and/or with one of its purported agents before any calls were made.

### Ninth Defense

Plaintiff's claims and/or the claims of any putative class members are barred or diminished due to failure to mitigate damages.

### Tenth Defense

To the extent that any violation of the TCPA and/or TTSA occurred, which defendant denies, it resulted from good faith reliance upon incorrect information offered by other persons or entities other than an agent, servant, or employee of defendant.

### Eleventh Defense

Plaintiff and/or any putative class members lack statutory standing to assert claims under the TCPA and/or TTSA.

### Twelfth Defense

The TCPA and/or TTSA violates the United States Constitution's First Amendment's Free Speech Clause, is unconstitutionally overbroad and unconstitutionally vague and ambiguous in contravention of the Fifth and Fourteenth Amendment's Due Process Clauses.

### Thirteenth Defense

The due process clause of the Fifth Amendment to the United States Constitution prohibits an award of damages that would result in a defendant's insolvency, especially where, as here, the conduct that allegedly violated the TCPA and/or TTSA did not cause actual injury or damages to the plaintiff.

### Fourteenth Defense

Plaintiff fails to state a claim and/or cause of action upon which relief may be granted and plaintiff's claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

### Fifteenth Defense

Members of the putative class may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

## **RESERVATION OF RIGHTS**

Defendant reserves all other applicable defenses that may now or in the future be available based on discovery, other factual investigations concerning this case, or for any other reason.

**WHEREFORE,** KWRI prays for an order and judgment of this Court in KWRI's favor against plaintiff as follows:

1. Dismissing all causes of action against KWRI with prejudice and on the merits;

2. Awarding costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927 in favor of KWRI; and

3. Awarding KWRI such other and further relief as the Court deems just and equitable.

## **KELLER WILLIAMS REALTY, INC.'S JURY DEMAND**

KWRI asserts its right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Date: September 9, 2024                    Respectfully submitted,


    */s/ C. Charles Townsend*
Todd P. Stelter (Illinois 6278521)
--*Attorney in Charge* (*admitted pro hac vice*)
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Telephone: (312) 704-3000
Facsimile: (312) 704-3001

C. Charles Townsend
SBN: 24028053, FBN: 1018722
ctownsend@hinshawlaw.com
Alfredo Ramos
SBN: 24110251, FBN:  3687680
framos@hinshawlaw.com
HINSHAW & CULBERTSON LLP
1717 Main Street, Suite 3625

Dallas, Texas 75201
telephone: 945-229-6380
facsimile:  312-704-3001

**ATTORNEYS FOR KWRI**

<u>**CERTIFICATE OF SERVICE**</u>

A true and correct copy of this document was served on September 9, 2024 as follows:

Paulina Almanza
Almanza Terrazas, PLLC
13423 Blanco Rd., PMB 8098
San Antonio, Texas 78216
Telephone: 512-900-9248
Email: paulina@almanza.legal
<u>**VIA CM/ECF SYSTEM**</u>

<u>  */s/ C. Charles Townsend*  </u>
C. Charles Townsend