## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. SA-24-CV-00332-XR |
| | § | |
| KELLER WILLIAMS REALTY, INC., | § | |
| and KWWD, LLC, | § | |
| and ILMC, LLC, | § | |
| and KAMERYN ERIKA CORTEZ, | § | |
| | § | |
| *Defendants*. | § | |

## KWRI ANSWER TO SECOND AMENDED COMPLAINT

Defendant, Keller Williams Realty, Inc. ("KWRI"), through its undersigned counsel, for its answer to plaintiff's second amended complaint, states:

### PARTIES

1. Plaintiff is an individual and resident of San Antonio, Texas.

**ANSWER:** **KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

2. Keller Williams is a company with is headquarters and principal place of business in Austin, Texas. Keller Williams conducts business throughout this District and throughout the US, including Texas.

**ANSWER:** **KWRI admits that it is a corporation registered in Texas, with offices located in Austin, Texas. KWRI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

3. KW Woodlands is a Texas limited liability company with its principal place of business in The Woodlands, Texas. KW Woodlands operates as a franchisee of Keller Williams.

**ANSWER:** **KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

4.      ILMC, LLC is a Texas Limited Liability Company with its principal place of business in Houston, Texas. ILMC operates as a franchisee of Keller Williams.

**ANSWER:    KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

5.      Kameryn Erika Cortez is an individual and resident of Houston, Texas.

**ANSWER:    KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

## JURISDICTION AND VENUE

6.      <u>Jurisdiction</u>. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). The Court also has supplemental jurisdiction because the Texas Telephone Solicitation Act ("TTSA") under 28 U.S.C. § 1367 because the TTSA claim relates to the same telemarketing campaign as the TCPA claim, forming part of the same case or controversy.

**ANSWER:    KWRI admits that the Supreme Court case of *Mims v. Arrow Financial Services, LLC* (2012) reversed and remanded the Eleventh Circuit's dismissal and conclusion that TCPA jurisdiction is vested exclusively in state courts thereby depriving federal courts of jurisdiction over TCPA claims under 28 U.S.C. § 1331. KWRI otherwise denies all remaining allegations contained within this paragraph.**

7.      <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over the Defendants because the Defendants conduct business in this District and place calls to consumers into this District.

**ANSWER:    KWRI does not contest personal jurisdiction over KWRI in this case. KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph concerning co-defendants. KWRI denies conducting any business in this District related to plaintiff's allegations and/or this case. KWRI denies placing any calls related to plaintiff's allegations and/or this case. KWRI denies all remaining allegations contained within this paragraph.**

8.      <u>Venue</u>. Venue is proper in this District under 28 U.S.C § 1391(b) because the Plaintiff resides in this District and the wrongful conduct giving rise to this case was directed into

this District.

**ANSWER:    KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

## INTRODUCTION

9.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

**ANSWER:    KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

10.      Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(l).

**ANSWER:    KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

11.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R § 64.1200(c)(2).

**ANSWER:    KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

12.      A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

**ANSWER:    KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

13.     The TCPA prohibits the initiation of the telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5).

**ANSWER:   KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

## FACTUAL ALLEGATIONS

14.     Plaintiff is an individual who was in Texas at the time of the messages.

**ANSWER:   KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

15.     Plaintiff is, and has been at all times material to this action, the regular and sole user of his cellular telephone number, which is (210) 744-XXXX.

**ANSWER:   KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

16.     At all times material to this action, Plaintiff uses the cell phone with area code (210) and digits beginning with digits 744 primarily for residential purposes.

**ANSWER:   KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

17.     Plaintiff registered his cellular telephone number with the National Do No Call Registry on or about January 23, 2012.

**ANSWER:   KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

18.     Plaintiff registered his number to avoid receiving unwanted telemarketing and solicitation calls.

**ANSWER:   KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

19.     Plaintiff never provided Defendants with his express consent to be contacted.

**ANSWER:     KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

20.     Plaintiff has no existing business relationship with Defendants.

**ANSWER:     KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

21.     Even though Plaintiff registered his cell phone number on the DNC, and despite the fact that Plaintiff did not consent to Defendants' solicitation calls, KW Woodlands, by and through its agent, Julia Puig Jordan ("Julia Jordan"), acting as an apparent agent of Defendant Keller Williams, sent Plaintiff at least two telemarketing messages.

**ANSWER:     KWRI denies all allegations contained within this paragraph.**

22.     On or around March 4, 2024, at 5:38 pm CT, Plaintiff received two distinct and separate telemarketing messages to his cell phone number from Julia Jordan, an agent of KW Woodlands operating under the Keller Williams brand, using telephone number 832-444-4923. The text message is shown below:



**ANSWER:    KWRI denies all allegations contained within this paragraph.**

23.    KW Woodlands' messages did not include any sort of opt-out instructions.

**ANSWER:    KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

24.    Plaintiff messaged Jordan and told her to "stop."

**ANSWER:    KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

25.    KW Woodlands' text messages were sent as part of a marketing campaign to promote an open house for a residential property.

**ANSWER:    KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

26.    KW Woodlands routinely holds open houses and uses similar marketing tactics to generate leads for real estate transactions from which it and Keller Williams financially benefit.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

27.    According to har.com, a real estate website, 832-444-4923 is associated with Julia Jordan, an agent of KW Woodlands operating under the Keller Williams brand.[1]

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

28.    KW Woodlands' use of the Keller Williams brand, logos, and marketing materials, as directed by Keller Williams, created a reasonable belief in Plaintiff that the telemarketing messages were sent by or on behalf of Keller Williams. Plaintiff, as a consumer, had no way of knowing that KW Woodlands operated as a separate franchisee and relied on the appearance of Keller Williams' branding in the text messages.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

29.    At all times material to this Complaint, the agent, Julia Jordan held herself out as

---

[1] See Julia Jordan, HAR.com, https://www.har.com/julia-puig-jordan/agent_jpjordan (last visited June 14, 2024)

an agent that sells real estate for Defendants' benefit.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

30.    Keller Williams's website has an option where a user of the website can "Find an Agent."

**ANSWER:    KWRI admits that plaintiff's complaint purports to cite to out-of-context, incomplete and mischaracterized summary of passive advertising material on a website. KWRI denies that any statements made in advertising material on the website serve as admissions. KWRI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

31.    Julia Jordan's name appears on Keller Williams's website as a Keller Williams "luxury agent" who serves the state of Texas.

**ANSWER:    KWRI admits that plaintiff's complaint purports to cite to out-of-context, incomplete and mischaracterized summary of passive advertising material on a website. KWRI denies that any statements made in advertising material on the website serve as admissions. KWRI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

32.    Upon clicking Julia Jordan's name on Keller Williams's website, Julia Jordan's contact information appears. Below the contact information states, "Keller Williams Realty The Woodlands & Magnolia."

**ANSWER:    KWRI admits that plaintiff's complaint purports to cite to out-of-context, incomplete and mischaracterized summary of passive advertising material on a website. KWRI denies that any statements made in advertising material on the website serve as admissions. KWRI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

33.    Keller Williams's website also includes an icon directly under Julia Jordan's picture that a user can click stating, "Connect with Me."

**ANSWER:    KWRI admits that plaintiff's complaint purports to cite to out-of-context, incomplete and mischaracterized summary of passive advertising material on a website. KWRI denies that any statements made in advertising material on the website serve as admissions. KWRI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

34.    Julia Jordan's Facebook and YouTube accounts prominently display: "Keller

Williams Luxury."

**ANSWER:    KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

35.    On March 5, 2024, Plaintiff's then attorney, Paulina Almanza, sent a letter to KW Woodlands stating that Plaintiff is registered in the National Do Not Call Registry, did not consent to receiving communications from Defendants, and demanding damages. The email was answered by KW Woodlands' attorneys on March 20, 2024. Defendants denied the demand.

**ANSWER:    KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

36.    On or around April 25, 2024 at 9:04pm CT, Plaintiff received an additional call from 832-444-4923 which is associated with Julia Jordan of KWWD, LLC. The call was unanswered given it was placed late at night.

**ANSWER:    KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

37.    On or around July 16, 2024, at 11:19 AM CT, Plaintiff received another unsolicited telemarketing call from a different Keller Williams office, Keller Williams Metropolitan which is operated by Defendant ILMC, LLC. The call was from 832-350-8275 and caller identified herself as "a realtor with Keller Williams here in Houston" as well as her name was Kameryn Cortez.

**ANSWER:    KWRI denies any calls were made or received from "Keller Williams office." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.**

38.    When Plaintiff requested information about why he was contacted, the caller stated "to be honest, I have a dialer, it'll find sometimes the list will be old and it'll find it on Zillow... The dialer will look on Zillow for any for sale by owner that are selling on their own and then it gives me the list of phone numbers...".

**ANSWER:    KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

39.    Defendant ILMC, LLC's use of the Keller Williams brand, logos, and marketing materials, as directed by Keller Williams, created a reasonable belief in Plaintiff that the telemarketing messages were sent by or on behalf of Keller Williams. Plaintiff, as a consumer, had no way of knowing that ILMC, LLC operated as a separate franchisee and relied on the appearance of Keller Williams' branding in the kwmet.com website and representations of Defendant Kameryn Cortez as being from Keller Williams.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

40.    On information and belief, the Defendants have financially benefitted from the telemarketing calls at issue in this Complaint. ILMC and KW Woodlands obtained commissions from real estate transactions generated through its marketing activities, including those using telemarketing. Keller Williams benefitted financially from IMLC and KW Woodlands by receiving royalty fees, as outlined in the Keller Williams Policies & Guidelines Manual.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

41.    On information and belief, Defendants have engaged in a pattern and practice of sending telemarketing messages to Plaintiff without his proper consent, including to his phone number that is listed on the National Do Not Call Registry. Plaintiff's experience, as detailed herein, is not an isolated incident, but rather illustrative of Defendants' systemic disregard for consumer privacy, the TCPA, and TTSA.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

42.    The unauthorized solicitations that Plaintiff received from or no behalf of Defendants have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

43.    As a result of Defendants' unlawful conduct, Plaintiff seeks both injunctive and

monetary relief. Specifically, Plaintiff seeks to enjoin KW Woodlands, ILMC, and their agents, from further violating the TCPA by directly contacting Plaintiff without proper consent. Plaintiff also seeks to hold Keller Williams vicariously liable for the TCPA violations committed by its agents, KW Woodlands and ILMC, due to Keller Williams' control over their branding, marketing practices, and its financial interest in the outcomes of those practices. Plaintiff further seeks an award of statutory damages and costs.

> **ANSWER:    KWRI denies all allegations contained within this paragraph.**

### Direct and Vicarious Liability

44.    On May 9, 2013, the FCC held within a Declaratory Ruling that sellers may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, ... suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd. at 6588, , ¶ 37 (internal citations omitted).

> **ANSWER:    KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph and its sub-paragraph.**

45.    Additionally, the May 2013 FCC ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal actual agency and immediate direction and control over third parties who place a telemarketing call. Id. at 6587 n.

107.

**ANSWER:  KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

46.    The evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id*. at 6593.

**ANSWER:  KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

47.    Keller Williams and its franchisees, including KW Woodlands and ILMC, utilize telemarketing as part of their business operations to promote their services and solicit new clients.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

48.    KW Woodlands and ILMC, operating under the Keller Williams brand, represented themselves to the public as a Keller Williams entity, using Keller Williams' logos, marketing materials, and systems to sell real estate for the benefit of itself and Keller Williams.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

49.    Keller William's website (https://www.kw.com) features a "Find a local KW office" option, allowing users to locate nearby Keller Williams offices, including franchisee locations such as KW Woodlands and ILMC.

**ANSWER:    KWRI admits that plaintiff's complaint purports to cite to out-of-context, incomplete and mischaracterized summary of passive advertising material on a website. KWRI denies that any statements made in advertising material on the website serve as admissions. KWRI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

50.    Users searching for "The Woodlands & Magnolia" on the Keller Williams website

are directed to KW Woodlands' specific webpage[2], which prominently displays the Keller Williams logo and branding. The same is true leading to ILMC's specific webpage by searching "Keller Williams Realty Metropolitan".

**ANSWER:    KWRI admits that plaintiff's complaint purports to cite to out-of-context, incomplete and mischaracterized summary of passive advertising material on a website. KWRI denies that any statements made in advertising material on the website serve as admissions. KWRI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained within this paragraph.**

51.    KW Woodlands' and ILMC's social media presence, including their Facebook, Instagram, and YouTube accounts, prominently feature the Keller Williams logo and branding, reinforcing their public image as a Keller Williams entity.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

52.    Keller Williams exercises strict control over its franchisees' branding and marketing practices, including KW Woodlands' and ILMC. As detailed in the Keller Williams Policies & Guidelines Manual, Keller Williams mandates the use of its name, logos, and approved marketing materials by its franchisees, ensuring brand uniformity across all operations. This control extends to advertising, signage, and even business cards, reinforcing a consistent and cohesive brand image that ties franchisees directly to Keller Williams.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

53.    Keller Williams financially benefits from the sales activities of its franchisees, including KW Woodlands and ILMC. The Keller Williams Policies & Guidelines Manual details a royalty fee structure that requires franchisees to pay a percentage of their Gross Commission Income to Keller Williams. This royalty fee structure demonstrates that Keller Williams has a direct financial stake in the success of its franchisees' real estate operations, including any

---

[2] *See* KW Woodlands, Keller Williams, http://locations.kw.com/?s=the+woodlands+%magnolia (last visited June 14, 2024)

telemarketing activities that lead to closed transactions.

  **ANSWER: KWRI denies all allegations contained within this paragraph.**

  54. Julia Jordan and Kameryn Cortez both acted with the apparent authority of Keller Williams. This apparent authority stemmed from KW Woodlands' and ILMC's use of Keller Williams' branding and marketing materials, as authorized and controlled by Keller Williams. A reasonable consumer, like Plaintiff, would have believed that Julia Jordan and Kameryn Cortez were acting on behalf of Keller Williams when they placed the telemarketing calls at issue.

  **ANSWER: KWRI denies all allegations contained within this paragraph.**

  55. KW Woodlands, ILMC, and Kameryn Cortez are directly liable for the TCPA violations at issue because they initiated the unsolicited telemarketing calls and messages to Plaintiff. Keller Williams is vicariously liable for those violations due to its control over KW Woodlands and ILMC, its knowledge and approval of the telemarketing practices, and the apparent authority created by KW Woodlands' use of the Keller Williams brand.

  **ANSWER: KWRI denies all allegations contained within this paragraph.**

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. 227(c)(5))**

  56. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 55 of this Complaint and incorporates them by reference herein.

  **ANSWER: KWRI repeats and incorporates its responses, and denials, respectively, to the allegations set from in paragraphs 1 through 55 and incorporates them by reference herein.**

  57. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c)(2), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal

government."

**ANSWER:    KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

58.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

**ANSWER:    KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

59.    A text message to a cellular telephone constitutes a "call" under the TCPA. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 136 S. Ct. 663, 667, 193 L. Ed. 2d 571 (2016). Furthermore, the Fifth Circuit has held that a single unsolicited text message can constitute a concrete injury sufficient to confer Article III standing under the TCPA. *See Cranor v. 5 Star Nutrition,* L.L.C., 998 F.3d 686,690 (5th Cir. 2021). In *Cranor*, the Court recognized that a single unsolicited text message can cause nuisance and invasion of privacy, harms that Congress sought to prevent by enacting the TCPA. See id. 688-90

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

60.    Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff who registered his respective telephone number on the National Do Not Call Registry.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

61.    Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one

telephone solicitation in a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R § 64.1200, as described above.

      **ANSWER:**    **KWRI denies all allegations contained within this paragraph.**

62.    As a result of Defendants' conduct as alleged herein, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(c), and is entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

      **ANSWER:**    **KWRI denies all allegations contained within this paragraph.**

63.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff.

      **ANSWER:**    **KWRI denies all allegations contained within this paragraph.**

**SECOND CAUSE OF ACTION**
**Violation of Texas Telephone Solicitation Act**
**(Tex. Bus. & Com. Code Ann. § 305)**

64.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 55 of this Complaint and incorporates them by reference herein.

      **ANSWER:    KWRI repeats and incorporates its responses, and denials, respectively, to the allegations set from in paragraphs 1 through 55 and incorporates them by reference herein.**

65.    It is a violation of the TTSA to "make a telephone call or use an automatic dial announcing device to make a telephone call for the purpose of making a sale if: (1) the person making the call or using the device knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call; and (2) the called person has not consented to the making of such a call to the person calling or using the device or to the business enterprise for which the person is calling or using the device." *See* Tex. Bus. & Com. Code Ann.§ 305.001.

**ANSWER:    KWRI admits that the complaint purports to cite to an incomplete portion of the TTSA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

66.    The TTSA states that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication". *See* Tex. Bus. & Com. Code Ann. § 305.053.

**ANSWER:    KWRI admits that the complaint purports to cite to an incomplete portion of the TTSA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

67.    In violation of the TTSA, Defendants made and/or knowingly allowed telephonic communications to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent even though the Class members were on the National Do Not Call Registry.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

68.    As a result of Defendants' conduct as alleged herein, and pursuant to § 305.053(b) of the TTSA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each violation. Plaintiff is also entitled to an injunction against future calls. *See id*.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

69.    To the extent Defendants' misconduct is determined to be willful and knowing the Court should, pursuant to section 305.053(c) treble the amount of statutory damages recoverable by Plaintiff.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

**THIRD CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**Failure to Honor Do-Not-Call Request**
**(47 C.F.R. § 64.1200(d)(6))**

70.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 55 of this Complaint and incorporates them by reference herein.

**ANSWER:    KWRI repeats and incorporates its responses, and denials, respectively, to the allegations set from in paragraphs 1 through 55 and incorporates them by reference herein.**

71.     The TCPA and its accompanying regulations impose an affirmative obligation upon entities engaged in telemarketing to honor consumer requests to cease such solicitations. See 47 C.F.R. § 64.1200(d)(6).

**ANSWER:    KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

72.     Specifically, 47 C.F.R. § 64.1200(d)(6) requires a "person or entity making calls for telemarketing purposes" to "maintain a record of a consumer's request not to receive further telemarketing calls" and honor said request "for 5 years from the time the request is made."

**ANSWER:    KWRI admits that the complaint purports to cite to an incomplete portion of the TCPA (and/or other legal authority) and attempts to allege one or more mischaracterized, out-of-context and improperly summarized legal conclusions. KWRI denies all remaining allegations contained within this paragraph.**

73.     On or around March 4, 2024, Plaintiff expressly instructed Julia Jordan of KW Woodlands, in writing, to cease all telemarketing communications, effectively creating a do-not-call request pursuant to 47 C.F.R. § 64.1200(d)(6).

**ANSWER:    KWRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

74.     Notwithstanding Plaintiff's clear and unequivocal request that Defendant KW Woodlands, and Keller Williams' agents stop calling, Defendant KW Woodlands chose to ignore

Plaintiff's instructions and proceeded send additional solicitations to Plaintiff's Number.

>    **ANSWER:    KWRI denies all allegations contained within this paragraph.**

75.    As a result of Defendant KW Woodlands' failure to implement and maintain procedures reasonably calculated to honor Plaintiff's do-not-call request, and/or Defendant's intentional and knowing decision to disregard said request, Plaintiff is entitled to damages in an amount to be proven at trial.

>    **ANSWER:    KWRI denies all allegations contained within this paragraph.**

<u>**FOURTH CAUSE OF ACTION**</u>
**Violation of the Telephone Consumer Protection Act**
**ATDS or Pre-Recorded Message**
**(47 U.S.C. § 227(b)(l)(A)(iii))**

76.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 55 of this Complaint and incorporates them by reference herein.

>    **ANSWER: KWRI repeats and incorporates its responses, and denials, respectively, to the allegations set from in paragraphs 1 through 55 and incorporates them by reference herein.**

77.    Defendants, including ILMC, LLC and Kameryn Cortez, violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system (ATDS) to place calls to Plaintiff's number without prior express consent.

>    **ANSWER:    KWRI denies all allegations contained within this paragraph.**

78.    The calls made to Plaintiff's number were initiated using an ATDS, as evidenced by the automated nature of the dialer system described by Defendant Kameryn Cortez. This system has the capacity of storing or producing telephone numbers to be called, using a random or sequential number generator, and to dial such numbers without human intervention.

>    **ANSWER:    KWRI denies all allegations contained within this paragraph.**

79.    As a result of Defendants' violations of 47 U.S.C. § 227(b)(l )(A)(iii), Plaintiff is

entitled to statutory damages of $500 per violation.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

80.    To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff.

**ANSWER:    KWRI denies all allegations contained within this paragraph.**

Plaintiff's Prayer for Relief:

**ANSWER:    KWRI denies that plaintiff is entitled to any of the relief requested in the prayer for relief and denies any allegations contained in this paragraph and its sub-paragraphs.**

## KELLER WILLIAMS REALTY, INC.'S DEFENSES

Defendant, KELLER WILLIAMS REALTY, INC. ("KWRI"), through its undersigned counsel, for its defenses, states as follows:

### First Defense

Plaintiff's claims and/or the claims of any putative class members are barred in whole or in part because the called parties consented to the calls at issue. Plaintiff's claims and/or the claims of any putative class members also are barred in whole or in part because KWRI or its alleged agents had a good-faith basis to believe the called parties consented to the calls at issue.

### Second Defense

Plaintiff's claims and/or the claims of any putative class members are barred in whole or in part by the doctrines of estoppel, waiver, laches and unclean hands because the called parties accepted the alleged calls from KWRI or its alleged agents without objection and/or acted in bad faith in relation to the instant claims.

### Third Defense

Any damages or losses sustained by plaintiff and/or any putative class members must be reduced, diminished, and/or barred in proportion to the wrongful conduct of persons or entities other than defendant under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

### Fourth Defense

Plaintiff's claims and/or the claims of any putative class members are barred in whole or part due to lack of standing to bring the instant claims because the party has no injury-in-fact, and thus, has no standing under Article III of the United States Constitution.

### Fifth Defense

To the extent plaintiff bring claims that fall outside of the applicable statute of limitations for such claims, they are time-barred.

### Sixth Defense

KWRI established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA and/or TTSA. Any purported violations of these laws, which KWRI denies occurred, were unintentional and occurred despite of procedures reasonably adapted and maintained to avoid such violations.

### Seventh Defense

The *American Rule* bars plaintiff from recovering attorneys' fees. The TCPA and/or TTSA does not provide for a statutory award of attorneys' fees.

### Eighth Defense

Plaintiff and/or any putative class members may have had an established business relationship with KWRI and/or with one of its purported agents before any calls were made.

### Ninth Defense

Plaintiff's claims and/or the claims of any putative class members are barred or diminished due to failure to mitigate damages.

## Tenth Defense

To the extent that any violation of the TCPA and/or TTSA occurred, which KWRI denies, it resulted from good faith reliance upon incorrect information offered by other persons or entities other than an agent, servant, or employee of KWRI.

## Eleventh Defense

Plaintiff and/or any putative class members lack statutory standing to assert claims under the TCPA and/or TTSA.

## Twelfth Defense

The TCPA and/or TTSA violates the United States Constitution's First Amendment's Free Speech Clause, is unconstitutionally overbroad and unconstitutionally vague and ambiguous in contravention of the Fifth and Fourteenth Amendment's Due Process Clauses.

## Thirteenth Defense

The due process clause of the Fifth Amendment to the United States Constitution prohibits an award of damages that would result in a defendant's insolvency, especially where, as here, the conduct that allegedly violated the TCPA and/or TTSA did not cause actual injury or damages to the plaintiff.

## Fourteenth Defense

Plaintiff fails to state a claim and/or cause of action upon which relief may be granted and plaintiff's claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

## Fifteenth Defense

Members of the putative class may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

## **RESERVATION OF RIGHTS**

KWRI reserves all other applicable defenses that may now or in the future be available based on discovery, other factual investigations concerning this case, or for any other reason.

**WHEREFORE,** KWRI prays for an order and judgment of this Court in KWRI's favor against plaintiff as follows:

1. Dismissing all causes of action against KWRI with prejudice and on the merits;

2. Awarding costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927 in favor of KWRI; and

3. Awarding KWRI such other and further relief as the Court deems just and equitable.

## **KELLER WILLIAMS REALTY, INC.'S JURY DEMAND**

KWRI asserts its right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Date: January 21, 2025                    Respectfully submitted,


        */s/ Todd P. Stelter*
Todd P. Stelter (Illinois 6278521)
*admitted pro hac vice*
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
Telephone: (312) 704-3000
Facsimile: (312) 704-3001

C. Charles Townsend
SBN: 24028053, FBN: 1018722
ctownsend@hinshawlaw.com
Alfredo Ramos

SBN: 24110251, FBN:  3687680
framos@hinshawlaw.com
HINSHAW & CULBERTSON LLP
1717 Main Street, Suite 3625
Dallas, Texas 75201
telephone: 945-229-6380
facsimile:  312-704-3001

**ATTORNEYS FOR KWRI**

**<u>CERTIFICATE OF SERVICE</u>**

A true and correct copy of this document was served on January 21, 2025 as follows:

By US MAIL:
Mark Anthony Ortega
152 Bedingfeld Dr.
San Antono, TX 78231

    */s/ Todd P. Stelter*
Todd P. Stelter